# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                         **Case No. 16-CR-13**

**VIC CHAMBERS,**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Vic Chambers with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 371; commission of a Hobbs Act robbery, 18 U.S.C. § 1951(a); and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). Defendant moved to suppress post-arrest statements he made to law enforcement, arguing a violation of the McNabb/Mallory rule;[1] evidence obtained pursuant to a search warrant commanding Facebook to disclose his social media communications, arguing that the warrant affiant misled the issuing magistrate, the affidavit failed to establish probable cause, and the warrant was over-broad; and historical cell site information obtained by the government pursuant to orders issued under 18 U.S.C. § 2703(d), arguing that the police needed a warrant to obtain this information and that, in any event, the applications did not satisfy the statutory standard.

The government conceded that defendant made statements outside the six-hour "safe harbor" of 18 U.S.C. § 3501(c) and that these statements should be suppressed from use in its case-in-chief. The magistrate judge handling pre-trial proceedings in this case accordingly

---

[1]In McNabb v. United States, 318 U.S. 332 (1943) and Mallory v. United States, 354 U.S. 449 (1957), the Court deemed inadmissible confessions given after an unnecessary and unreasonable delay in bringing an arrested defendant before a magistrate.

recommended that motion be granted. I will accept that recommendation and grant the motion to suppress defendant's January 22, 2016 statement to law enforcement.

The magistrate judge rejected defendant's challenges to the Facebook warrant and the § 2703(d) orders,[2] recommending that these motions be denied. Defendant objects. My review is de novo. Fed. R. Crim. P. 59(b); see also United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (explaining that de novo review is required for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made).

## I. FACTS

I adopt the magistrate judge's recitation of the facts, to which neither side objects. (R. 96 at 2-5.) Summarized, on December 20, 2015, a confidential source ("CS") advised law enforcement that Rudy Payne and others were planning to rob a cellular telephone store; such a robbery occurred later that morning. The next day, the CS met with law enforcement and identified three subjects, including defendant, from surveillance footage of the robbery. The CS further indicated that the robbery suspects used Facebook private messaging to communicate regarding their robbery plans. On January 7, 2016, an FBI special agent applied for a search warrant for several Facebook accounts, including defendant's, based in part on the CS's statements; a magistrate judge issued the warrant. Later that month, the government obtained orders pursuant to 18 U.S.C. § 2703(d) for historical information regarding two cellular telephone numbers associated with the investigation.

---

[2]The government advised that it did not intend to use at trial information regarding one of the numbers (Metro PCS), and the magistrate judge recommended the challenge to that order be denied as moot. (R. 96 at 14-15.) She addressed the challenge regarding the other number (Sprint) on the merits. (R. 96 at 15-19.)

2

## II.  DISCUSSION

**A.     Search Warrant**

The Fourth Amendment provides that warrants may issue only on probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.  When the affidavit is the only evidence presented to the warrant-issuing magistrate, the warrant must stand or fall solely on the contents of the affidavit. E.g., United States v. Johnson, 655 F.3d 594, 600 (7th Cir. 2011) (citing United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002)).  The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  Koerth, 312 F.3d at 866 (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)). The duty of a reviewing court is to ensure that the magistrate had a "substantial basis" for concluding that probable cause existed.  Id.

Even if the defendant is able to establish the warrant's invalidity, the court will not grant suppression if the government shows that the police relied in "good faith" on the magistrate's decision to accept the affidavit and issue the warrant.  Id.  at 868 (citing United States v. Leon, 468 U.S. 897, 924 (1984)).  The good faith exception does not apply, however, and suppression remains an appropriate remedy if the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.  Leon, 468 U.S. at  923 (citing Franks v. Delaware, 438 U. S. 154 (1978)).  In order to obtain a so-called Franks hearing, the defendant must make a

3

substantial preliminary showing that the officer who swore out the warrant affidavit made a false statement knowingly and intentionally, or with reckless disregard for the truth. United States v. Dessart, 823 F.3d 395, 402 (7th Cir. 2016). This preliminary showing encompasses three elements: (1) the affidavit contained a material false statement; (2) the affiant made the false statement intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to support the finding of probable cause. Id. "Franks hearings are 'rarely held' because '[t]hese elements are hard to prove.'" Id. (quoting United States v. Swanson, 210 F.3d 788, 790 (7th Cir. 2000)).

Here, defendant argues that the affiant misled the issuing magistrate judge when he averred that the CS "identified" defendant as "Subject #3" from the surveillance video of the December 20, 2015 robbery. (R. 80-2 ¶ 30.) Defendant notes that the robbers' faces cannot be seen on the video,[3] and the CS apparently identified defendant by his gait. However, the surveillance video shows the robber walking just a short distance, and there is nothing distinctive about his gait or stature.[4] (R. 79 at 2-3.) Defendant contends that the probable cause showing rested primarily on the affidavit's assertion that the CS "identified" defendant as a robber, and by depicting the CS's "identification-by-gait" as merely an "identification" the affiant exaggerated the supposed identification's evidentiary significance.

In her recommendation, the magistrate judge acknowledged that, ordinarily, identification connotes facial recognition, and that the affiant could have been clearer on the CS's method

---

[3] Defendant provided a still photo lifted from the surveillance video depicting Subject #3. (R. 79-1.)

[4] Defendant further notes the CS apparently misidentified the robbers; Subject #3 was actually co-defendant Payne; defendant Chambers was Subject #2. (R. 79 at 4; R. 96 at 7.)

4

of identification.  However, she noted that "it is difficult to conclude that the affiant wanted to mislead the magistrate judge by concealing Chambers had not been identified by face since the affiant disclosed it was a masked robbery." (R. 96 at 8.)  Defendant responds that he does not claim deliberate deception but rather a reckless omission.  And, he contends, it was reckless for law enforcement, a percipient party to the CS's identification-by-gait, to withhold the details of that identification from the magistrate, who may have assumed a more traditional form of recognition.  Defendant concludes that the affiant concealed circumstances tending to undermine the CS's ability to identify defendant from the video.

The affiant's failure to specifically describe how the CS identified defendant is not the sort of reckless omission that would call for a Franks hearing.  Compare United States v. Glover, 755 F.3d 811, 817 (7th Cir. 2014) (remanding for Franks hearing based on the complete omission of known, highly relevant, and damaging information about informant's credibility), with United States v. Spears, 673 F.3d 598, 607 (7th Cir. 2012) (collecting cases upholding warrants despite affiant's failure to specify source of information).  As the magistrate judge noted, the affiant disclosed that the robbers were masked, so the warrant could not have been issued under the misapprehension that this was a facial identification; based on the contents of the affidavit, it would have been reasonable for the issuing magistrate to instead assume the identification was based on mannerisms.  And the affidavit described in detail the CS's familiarity with defendant and the other alleged robbers (R. 80-2 ¶¶ 20-21, 23, 29-35), thus allowing the magistrate to assess the CS's ability to make such an identification.

Defendant contends that, given the limitations of the surveillance video, the CS must have simply assumed that defendant was one of the robbers based on what s/he knew of their plans.  As circumstantial support, he notes that the CS apparently got it wrong; evidence

5

suggests defendant was Subject #2, not Subject #3.[5]  However, the issue before me is not whether the CS made the identification based on confirmation bias, rather than recognition, but whether the affiant, in fact, entertained serious doubts as to the truth of the informant's allegations or had obvious reasons to doubt the veracity of those allegations.  See United States v. Williams, 737 F.2d 594, 602 (7th Cir. 1984); see also United States v. Souffront, 338 F.3d 809, 822 (7th Cir. 2003) ("The defendant must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard.") (internal quote marks omitted).  The parties agree that the affiant explored the basis for the identification, learning that it was based on the way the robber walked.  As defendant notes, the identification would have been stronger had the robber's gait been abnormal, but there is nothing inherently incredible about a person identifying another, with whom he is familiar, based on mannerisms that would not catch the eye of a stranger.  In other words, these circumstances did not give the affiant obvious reasons to doubt the CS's identification.

Defendant also argues that an affidavit detailing multiple robberies involving multiple actors and referencing an informant's statement that, collectively, "the robbers" use Facebook to communicate about their crimes is not, without information particular to him, sufficient to

---

[5]Defendant notes in reply that the CS also erred in predicting the location of the December 20, 2015 cell phone store robbery; the CS said it would happen in the City of Brown Deer, but it instead occurred on Brown Deer Road in Milwaukee.  It is noteworthy that the affidavit contained this information (R. 80-2 ¶ 14, 20, 22), which suggests that the affiant was not trying to conceal the CS's shortcomings from the magistrate.  Moreover, the CS got a lot of other things right, as detailed in the affidavit.  The affidavit also included information allowing the magistrate to assess the CS's credibility generally.  (R. 80-2 ¶ 19.)  Nothing in the Fourth Amendment requires that an informant be inerrant or that a warrant affiant include every detail potentially affecting an informant's reliability.  See Molina v. Cooper, 325 F.3d 963, 970 (7th Cir. 2003).

establish probable cause that he was using Facebook in connection with criminal activity. The magistrate judge considered and rejected this argument (R. 96 at 9-10), and defendant develops no argument that she was wrong. I agree with the magistrate judge that the affidavit provided a "substantial basis" for concluding that evidence of a crime would be found on defendant's Facebook account.

Finally, defendant maintains that a warrant commanding Facebook's production of his account activity pre-dating his alleged involvement in a robbery by two months is over-broad, and that the scope of the warrant's commanded disclosure allowed for a general rummaging, broader than necessary to further the investigation giving rise to the warrant. Again, the magistrate judge analyzed these issues in detail (R. 96 at 10-13), and defendant develops no argument that she erred. I adopt the magistrate judge's analysis.

**B.     Section 2703(d) Orders**

Defendant maintains that, because the cell site information obtained by law enforcement under 18 U.S.C. § 2703(d) implicated his reasonable expectation of privacy, a warrant supported by probable cause was required. He contends that cell site information is different than, for example, bank records. As the magistrate judge discussed, courts have rejected this contention. To the extent that defendant raises this issue to preserve it for review by the Seventh Circuit or Supreme Court, he has done so. However, he provides no basis for rejecting the magistrate judge's thorough recommendation on this issue. (R. 96 at 14-17.)[6] I adopt her analysis and conclusion.

---

[6] Defendant has not preserved his alternate argument, rejected the magistrate judge (R. 96 at 18-19), that the application in this case failed to satisfy the statutory standard under § 2703(d).

7

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 96) is **ADOPTED**, and defendant's motion to suppress statements (R. 78) is **GRANTED**, defendant's motion to suppress evidence obtained through the Facebook warrant (R. 80) is **DENIED**, and defendant's motion to suppress evidence obtained by § 2703(d) order (R. 81) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge